IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPHAT MUA

*Plaintiff*,

v.

Civil Action No. ELH-16-3247

CALIFORNIA CASUALTY INDEMNITY
EXCHANGE, *et. al.*

*Defendants*.

## MEMORANDUM

On May 3, 2016, Josephat Mua, the self-represented plaintiff, filed suit in the Circuit

Court for Baltimore City against numerous defendants: California Casualty Indemnity Exchange;

Marsden & Seledee; O'Neal Firm, LLP; Thatcher Law Firm; Mitchell I. Batt; Bryan Chapman;

Raouf Abdullah;  C. Sukari Hardnett; Bradford Associates; Pessin Katz Law, P.A.; Maryland

State Education Association; Association of Supervisory & Administrative School ; and the

Maryland State Department of Education.  ECF 2 (Amended Complaint); *see also* ECF 1 (Notice

of Removal) at 7, ¶ 7.[1]  These defendants were also sued by Mua in a case filed in the Circuit

---

[1] Mua's original Complaint was not docketed in this Court.  But, it is not clear that the Amended Complaint is the operative complaint.  The Certificate of Service on it indicates that Mua "served" his opponents with a copy on September 21, 2016.  But, there is no indication as to whether the Circuit Court for Baltimore City granted leave to amend.

Francoise Vandenplas, wife of Josephat Mua (*see* ECF 2 at 4), is not identified as a plaintiff in the case caption of the Amended Complaint. *See id.* at 1.  However, the prayer for relief indicates that she is a plaintiff. *Id.* at 66.  Vandenplas is also identified as a plaintiff in the case caption of the Notice of Removal.  ECF 1 at 1.  Thus, it is not clear whether Vandanplas is a plaintiff in the case *sub judice*.

Court for Montgomery County, Case 420645V.[2]

The Amended Complaint is 68 pages in length and contains twenty-seven counts.  ECF 2.  Mua alleges, *inter alia*, "deprivation of rights through harassment after wrongful termination through hostile work environment in violation of Title VI, Title VII of the Civil Rights Act of 1964, due process violation under 42 U.S.C. § 1983 as well as violations of Maryland State Code § 20-601 et seq., the Maryland Fair Employment Practices Act ('FEPA')."  *Id.* at 3.[3]  Mua also asserts, *inter alia*, retaliation, conspiracy, violation of due process rights, negligence, intentional infliction of emotional distress, tortious interference with business relation, unjust enrichment, breach of contract, lack of fair representation, intentional misrepresentation, abuse of process, fraud, breach of fiduciary duty, and negligent misrepresentation.  *See* ECF 2.[4]

Although plaintiff filed suit in the Circuit Court for Baltimore City, he removed this case to federal court on September 23, 2016, pursuant to 28 U.S.C. §§ 1441(a) and 1446.  ECF 1.  In the Notice of Removal, Mua asserts that this Court possesses subject matter jurisdiction based on federal question jurisdiction, also known as "arising under" jurisdiction.  ECF 1 at 8-9, ¶10; *id.* at 15, ¶ 27; ECF 2 at ¶ 23; *see* 28 U.S.C. § 1331.  Mua also claims the court possesses jurisdiction pursuant to 28 U.S.C. § 1338(a).  ECF 1 at 8-9, ¶10.  However, the Amended Complaint raises no claims involving patents, copyrights, or trademarks.  *See* ECF 2.  Furthermore, Mua states that "there is complete diversity of citizenship" (ECF 2 at ¶ 21), although it is plainly evident from his allegations that this is not accurate.  *See, e.g.,* ECF 2, ¶¶ 1, 5, 6.  In addition, Mua seeks to

---

[2] Mua removed that case to this Court.  *See* ELH-16-3267.  However, by Memorandum (ECF 8) and Order (ECF 9) signed on September 28, 2016, I determined that removal was improper and remanded the case to State court.

[3] Mua advanced many of the same claims in the case pending in the Circuit Court for Montgomery County.

[4] Mua has also submitted a Motion for Leave to Proceed in forma pauperis.  ECF 4.  I shall grant that Motion.

consolidate this case with another case pending before this Court, *Mua v. Maryland*, ELH-16-1435.  ECF 1 at 1-2.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Indeed, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).  With regard to removed cases, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Section 1441(a) of 28 U.S.C. provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending. (Emphasis added).

Section 1446(a) of 28 U.S.C. states:

A *defendant or defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. (Emphasis added).

As the plain language of these statutes indicates, the right of removal is vested exclusively in a defendant.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-109 (1941) (concluding that Congress intended to limit removal under section 71 of the Judicial Code (now 28 U.S.C. § 1441) to defendants only and that a suit in which a counterclaim is filed is not

removable by a plaintiff); *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333 (4th Cir. 2008) ("In crafting § 1441(a), however, Congress made the choice to refer only to 'the defendant or the defendants,' a choice we must respect."); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove"); *In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) (per curiam) ("No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court."); *Geiger v. Arctco Enterprises, Inc.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants. A plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)….").

"The Supreme Court has referred to this restriction as jurisdictional." *Moses v. Ski Shawnee, Inc.*, A. 00-3447, 2000 WL 1053568, at *1 (E.D. Pa. July 31, 2000); *see Shamrock Oil & Gas Corp.*, 313 U.S. at 107 (restriction to defendants of right of removal "indicat[es] the Congressional purpose to narrow the federal jurisdiction on removal"); *accord Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) (holding that prisoner civil rights case originally filed in state court and removed by plaintiff himself to federal court should be dismissed "for want of jurisdiction"); *In re Walker*, 375 F.2d at 678. As the rule restricting the right of removal to defendants is jurisdictional, the case must be remanded pursuant to 28 U.S.C. § 1447(c). Even if the issue is not jurisdictional, however, it is clear that the applicable statutes do not permit removal by a plaintiff.

For the foregoing reasons, I shall remand the case to the Circuit Court for Baltimore City.

An Order follows.


Date: September 30, 2016                    _____/s/_____
                                            Ellen Lipton Hollander
                                            United States District Judge